IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA LLC, *Plaintiff*, v. JOHN DOE subscriber assigned IP address 71.225.234.95, *Defendant*. | CIVIL ACTION No. 16-01568 |

**PAPPERT, J.**                                                                                    May 2, 2016

## MEMORANDUM

Plaintiff Malibu Media, LLC ("Malibu Media") sued John Doe subscriber assigned IP address 71.225.234.95 ("John Doe") for copyright infringement on April 5, 2016. (Pl.'s Compl., ECF No. 1.) As is apparent from the description of John Doe, Malibu Media does not know his name or address.

On April 7, 2016, Malibu Media filed a "motion for leave to serve a third party subpoena prior to a Rule 26(f) conference." (Def.'s Mot., ECF No. 4.) Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by stipulation, or by court order." Rule 26(b) further provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Since Malibu Media does not know the identity of the alleged infringer, it seeks to subpoena Comcast Cable, John Doe's Internet Service Provider ("ISP"), to obtain the information necessary to make service of process.

Good cause exists to allow the issuance of a subpoena at this early stage where: (1) plaintiff makes a prima facie showing of a claim of copyright infringement; (2) plaintiff submits a specific discovery request; (3) there is an absence of alternative means to obtain the subpoenaed information; (4) there is a central need for the subpoenaed information; and (5) the defendant has a minimal expectation of privacy. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010); *see also Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 2010).

Malibu Media pleads a *prima facie* case of infringement. It alleges it is the registered owner of the copyright of certain movies listed in Exhibit B of the complaint and that John Doe has distributed, reproduced, performed and displayed them without its consent. A declaration of a former investigator concerning John Doe's alleged infringement supports the motion. (Pl.'s Compl., Ex. 4.) Malibu Media also submits a specific discovery request—for the true name and address of John Doe. There is no practical way for Malibu Media to learn the identity of the alleged infringer except through a subpoena on the ISP. Without knowing John Doe's identity, Malibu Media cannot make service and the lawsuit cannot proceed. Under the circumstances, John Doe's expectation of privacy is minimal.

Malibu Media meets all the requirements set forth in *Arista Records* for the issuance of a subpoena to obtain limited discovery before the parties confer as provided in Rule 26(f) of the Federal Rules of Civil Procedure. Any subpoena on Comcast Cable must comply with Rule 45(b)(2)'s geographic limitations. An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.